UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

RIVER FIELDS, INC., et al.,     PLAINTIFFS

v.     CIVIL ACTION NO. 3:08-CV-264-S

MARY PETERS, SECRETARY,
U.S. DEPARTMENT OF TRANSPORTATION, et al.,     DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court upon the motion of plaintiffs River Fields, Inc., River Creek Homeowners Association, Wolf Pen Preservation Association, Harrods Creek Boat Owners Association, and OPEN Louisville, Inc. (hereinafter collectively, "Plaintiffs") for an injunction pending appeal of this court's order denying Plaintiffs' motion for summary judgment, granting Defendants' motion for summary judgment, dismissing the above-captioned action with prejudice and dissolving the preliminary injunction previously entered by this court on July 2, 2009 (DN 64). In the alternative, Plaintiffs request that the court stay the dissolution of the injunction temporarily so that Plaintiffs may apply for a stay to the Sixth Circuit Court of Appeals (DN 65).[1] For the following reasons, the court will deny Plaintiffs' motion for an injunction pending appeal, but will order a temporary stay pending resolution of Plaintiffs' application to the Court of Appeals.[2]

BACKGROUND[3]

On May 16, 2008, Plaintiffs commenced this action by filing a complaint against Defendants

---

[1] Plaintiffs also request that the court stay the dissolution of the injunction temporarily until such time as this court rules on Plaintiffs' currently pending motion for an injunction pending appeal. This supplementary motion will be denied as moot.

[2] Plaintiffs filed a notice of appeal to the Sixth Circuit on July 30, 2009.

[3] For a more detailed background of the underlying facts in this case, see the court's memorandum opinion (DN 62), pp. 1-7, entered July 23, 2009.

the Secretary of the U.S. Department of Transportation, the Acting Administrator of the Federal Highway Administration, the Kentucky Division Administrator, the Secretary of the Kentucky Transportation Cabinet, and Louisville/Jefferson County Metro Government (hereinafter collectively, "Defendants").  Briefly, Plaintiffs complained that Defendants failed to comply with Section 4(f) of the Department of Transportation Act ("Section 4(f)")[4] and the National Environmental Policy Act ("NEPA")[5] prior to approving a project to widen the National Register of Historic Places-eligible Harrods Creek Bridge ("the Bridge") to two-lanes.  Plaintiffs requested declaratory and injunctive relief halting the Harrods Creek Bridge Project ("the Project") unless and until such time as Defendants complied with NEPA and Section 4(f) (DN 1).[6]

Plaintiffs filed a motion for summary judgment on March 6, 2009 (DN 32).  Defendants filed a cross-motion on April 15 (DN 36).  On May 7, Defendants issued Plaintiffs a notice of their intent to begin on-site construction pursuant to the parties' Rule 26(f) planning meeting report (DN 40).  On June 22, Plaintiffs moved for a temporary restraining order and a preliminary injunction halting on-site construction activities in order to preserve the *status quo* while the court resolved the pending cross-motions on the merits (DN 47).

In order to determine whether injunctive relief would be appropriate during the time the court considered the cross-motions on the merits, the court conducted a telephonic conference with the parties on June 24.  Because the court was advised by counsel that the parties would reach an agreement which would allow preliminary work on the Project to proceed, but no work which would

---

[4] 23 U.S.C. § 138, 49 U.S.C. § 303.

[5] 42 U.S.C. § 4332(2)(C).

[6] Plaintiffs amended their complaint, adding party-plaintiffs, on August 20, 2008 (DN 9).

impact Plaintiffs' complaint, the court ordered Plaintiffs' motion for injunctive relief held in abeyance on June 26 (DN 50).

After granting extensions for the parties to reach an agreement as to the scope of the preliminary work allowed to proceed, the court was informed that the parties were unable to reach an agreement. On July 2, the court conducted a second telephonic conference at the request of the parties and heard the arguments of counsel. The court was advised that Defendants contemplated work on the Project which, if permitted, would go to the heart of issues then pending in the various motions for summary judgment before the court. Therefore, in order to protect the court's prerogative to decide the issues raised in the cross-motions, the court ordered Defendants to halt work on the Project pending the court's ruling in this action on the merits. The court ordered Plaintiffs to post a bond or cash in the amount of $1,000.

On July 23, the court entered a memorandum opinion and order awarding summary judgment in favor of Defendants, dismissing Plaintiffs' claims with prejudice, and dissolving the preliminary injunction entered on July 2. Plaintiffs filed the instant motions on July 24 and 29, respectively.

## DISCUSSION

The standards for an injunction pending appeal are the same as those considered in evaluating a request for preliminary injunctive relief: (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay. *Michigan Coal. Of Radioactive Material Users, Inc., v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991) (citations omitted). Because in considering a motion for an injunction pending appeal the court has already once decided against the movant's

success on the merits, the balancing calculus is different, however. In considering a motion for an injunction pending appeal, the court considers a movant's likelihood of success on appeal "inversely proportional to the amount of irreparable injury [a movant] will suffer absent the stay." *Id.* Still, the movant must show more than a "mere possibility" of success on appeal in order to justify granting an injunction. *Id.* The movant must show "serious questions going to the merits." *Id.* at 154.

When the court granted the original injunction in this case, Plaintiffs' likelihood of success on the merits was not a consideration. It was a neutral factor in our decision to halt work on the Project pending our ruling on the cross-motions for summary judgment. The court enjoined Defendants from proceeding to work on the Project at that time for the sole purpose of preserving our ability to render a meaningful decision on the merits and provide complete relief in the event that Plaintiffs were successful. Now, for the reasons stated in our memorandum opinion, the court finds that Plaintiffs' claims have no legal validity. This, in turn, drives the conclusion that the Plaintiffs' lack of likelihood of success on appeal militates strongly against further delay in this important and necessary bridge restoration project. The "harm to others" and public interest factors have different attributes. The Plaintiffs, as preservationists, see harm if the Bridge is altered in a way contrary to its previous conformation. But the public which uses the Bridge under normal circumstances would be best served by re-opening it sooner rather than later, regardless of how it is reconstructed. To Bridge users, the delays to date have no doubt been intolerable.

On balance, the standards for an injunction pending appeal weigh against granting Plaintiffs' motion. The Plaintiffs have, in this court's view, little or no likelihood of success on the merits on appeal. Their contentions have been found wanting. Plaintiffs' motion for an injunction pending

appeal will be denied.

This court recognizes, however, that reasonable minds can differ. The United States Court of Appeals for the Sixth Circuit may view the situation differently. Therefore, in order to preserve that court's ability to consider whether a stay would be appropriate during appeal, and the ramifications thereof, we will grant Plaintiffs' request for a temporary stay of the dissolution of the injunction so that Plaintiffs may promptly apply to the Court of Appeals for a stay pending appeal, pursuant to Rule 8(a) of the Federal Rules of Appellate Procedure. The temporary stay will remain in effect only until the stay motion before the Court of Appeals is decided. An order in conformity herewith will be entered this date.

August 3, 2009

**Charles R. Simpson III, Judge**
**United States District Court**